CAROL E. SCHULTZE, (Florida Bar 756083)
Email: SchultzeC@sec.gov
Attorney for Plaintiff
Assistant Chief Litigation Counsel
Division of Enforcement
Securities and Exchange Commission
100 F. Street NE, Mail Stop 5628
Washington, D.C. 20549
Telephone: (202) 551-4958
Facsimile: (202) 572-1372

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>        v.<br><br>ALEXANDER S. GOULD,<br><br>        Defendant. | Case No.: 3:22-CV-7671 |

COMPLAINT TO REQUIRE ALEXANDER S. GOULD TO
COMPLY WITH A SECURITIES COMMISSION ORDER

The Plaintiff, Securities and Exchange Commission (the "Commission"), seeks entry of a judgment pursuant to Section 209(d) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. § 80b-9(d), and Section 42(d) of the Investment Company Act of 1940 ("Investment Company Act"), 15 U.S.C. § 80a-41(d), so that it may enforce its September 8, 2020 Order Instituting Administrative and Cease and Desist Proceedings ("OIP" or "Order") against Defendant, Alexander S. Gould ("Gould"). The Commission's Order is attached as Exhibit 1.

PRELIMINARY STATEMENT

1. Based upon Gould's written consent to the entry of the Order, the Commission's Order found that Gould willfully violated: Section 206(1) the Advisers Act which makes it unlawful for any investment adviser, directly or indirectly, to employ any device, scheme or

artifice to defraud a client or prospective client; and Section 206(2) of the Advisers Act which makes it unlawful to engage in any transaction, practice or course of business which operates as a fraud or deceit upon any client or prospective client.

2. The Order required Gould to: disgorge $476,033.19 and prejudgment interest of $50,137.33 plus outstanding interest pursuant to SEC Rule of Practice 600, 17 C.F.R. § 201.600; pay a civil penalty of $200,000 plus outstanding interest pursuant to 31 U.S.C. § 3717; and abide by certain injunctive relief.

3. Gould has not made any payment towards the amounts he owes to the Commission. As of December 5, 2022, Gould's total obligation to the Commission was $778,890.96 with per diem of $103.35. (See Schultze Declaration).

4. Thus, the Commission seeks the entry of a Judgment from this Court to aid its collection efforts. *See e.g.* 15 U.S.C. § 80b-9(d); 15 U.S.C. § 80a-41(d); *Federal Debt Collection Procedures Act,* 28 U.S.C. §§ 3201-3206 (post-judgment collection statutes for penalties); Federal Rules of Civil Procedure 69 (post-judgment discovery and collection of disgorgement).

DEFENDANT

5. Alexander Gould, age 51, is a resident of Menlo Park, California. At the relevant time, he was an investment advisor to the venture capital funds that were the subject of the Commission's Order.

JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under Section 209(d) of the Advisers Act, 15 U.S.C. § 80b-9(d) and Section 42(d) of the Investment Company Act, 15 U.S.C. §80a-41.

7. Venue lies in the Northern District of California under Section 44 of the Investment Company Act and Section 214(a) of the Advisers Act as Defendant is "found" or is an "inhabitant" of this District.

RELEVANT FACTS

8. The Commission Order found, in summary, that Alexander S. Gould, an investment adviser to venture capital funds, diverted the funds' money to pay for his personal expenses.

9. From 2013 to 2017, Gould was the sole managing member of a venture capital fund based in Menlo Park, CA called Fund A. Fund A made investments in a number of early stage technology and media start-up companies.

10. In December 2017, Gould signed a separation agreement with Fund A. In addition to resigning from his Fund A position, he promised to pay $798, 339 to reimburse for money he spent on personal and other unauthorized expenses as well as an additional $100,000. He also agreed to purchase all of Fund A and its general partner's interests in six of its portfolio companies.

11. Gould formed a venture capital fund called Goulden Boy in December 2017. There, Gould was the sole managing member and controlled the bank accounts. Gould had seven investors (Investors A-G) from February 2018 through July 2018 who invested $874,960 in the fund for the sole purpose of buying interests in private, early-stage companies. Even though Gould did not personally invest in the Fund during this time, he was entitled to a one-time management fee of 1.5% of the total amount of the Fund under the terms of the Goulden Boy's Operating Agreement.

12. From February 2018 to July 2018, Gould used Goulden Boy's assets to make payments to Fund A. Gould told his former Fund A partner that the money Fund A received from

Goulden Boy should be used to purchase interests in the six portfolio companies. On July 25, 2018, Gould signed a contract agreeing that the money Goulden Boy had sent to Fund A would be applied towards Gould's Fund A personal debt. Overall, Gould sent a total of $891,000 from Goulden Boy to Fund A.

13. During February 2018 to December 2018 time period, Gould spent Goulden Boy's money on personal expenses on various occasions. Gould spent a total of at least $358,000 from Goulden Boy's account on personal expenses.

14. Goulden Boy only invested in two companies for a total of $337,500. Additionally, the Fund did not purchase any of Fund A's interests in the six portfolio companies.

15. Between April and October of 2018, Gould obtained three loans, collectively worth $810,000, to pay back some of the money that he had misappropriated from Goulden Boy. However, $537,460 of the Goulden Boy investors' money was not paid back to the Fund. This amount was about 40 times the management fee that Gould could have been entitled to, had he not misappropriated most of the Fund's assets.

16. In late 2019, Gould purchased the ownership interests of one of the investors and became an investor in Goulden Boy. By purchasing the ownership interests, Gould inherited a portion of the Fund's loss, and the amount by which he was enriched by his misappropriations was reduced by $61,426.81.

17. Based on the foregoing, the Commission's Order found Gould violated Sections 206(1) and 206(2) of the Advisers Act, and Section 9(b) of the Investment Company Act.

18. As set forth in the Commission Order, entered with Gould's consent, the Commission imposed the sanctions agreed to in Defendant's Offer, which included an order for Gould to disgorge $476,033.19 plus $50,137.33 in prejudgment interest, and to pay a penalty of $200,000.

19. The Commission Order also imposed the following injunctive relief: ordering Gould to cease and desist from committing or causing any violations and any future violations of Sections 206(1) and 206(2) Advisers Act; barring him from association with any broker, dealer, investment adviser, municipal securities dealer, municipal advisor, transfer agent, or nationally recognized statistical rating organization; and prohibiting him from serving or acting as an employee, officer, director, member of an advisory board, investment adviser or depositor of, or principal underwriter for, a registered investment company or affiliated person of such investment adviser, depositor, or principal underwriter.[1]

20. The Defendant did not seek review of the Order, and the time to do so has expired.

21. The Defendant has not made any payments on the Commission's Order, which remains due and owing with additional interest.

## NATURE OF THE PROCEEDINGS

22. To obtain judicial enforcement of its orders, the Commission must bring proceedings pursuant to the applicable sections of the securities laws, here, Section 209(d) of the Advisers Act, which grants the district court the authority to enter an order compelling compliance with the Commission's Order.

23. Section 209(d) of the Advisers Act, 15 U.S.C. § 80b-9(d), provides, in part:

> Whenever it shall appear to the Commission that any person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of ... any ... order hereunder, ... it may in its discretion bring an action in the proper district court of the United States, ... to enforce compliance with ... any ... order hereunder.

---

[1] Pursuant to the Order, Gould has the right to apply for reentry after five (5) years to the appropriate self-regulatory organization, or if there is none, to the Commission.

24. Similarly, Section 42(d) of the Investment Company Act, 15 U.S.C. §80a-41, provides in part:

> Whenever it shall appear to the Commission that any person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of ... any ... order hereunder, ... it may in its discretion bring an action in the proper district court of the United States, ... to enforce compliance with ... any ... order hereunder.

25. As the pertinent statutes indicate, the Commission may bring proceedings to compel compliance with orders it has entered. *Fiero v. Financial Industry Regulatory Authority, Inc.*, 660 F.3d 569, 575 (2d Cir. 2011); *SEC v. Vittor*, 323 F.3d 930, 935 (11th Cir. 2003), *citing Lang v. French*, 154 F.3d 217 (5th Cir. 1998). In response, the defendant may not challenge the validity of the order the Commission seeks to enforce. *SEC v. Gerasimowicz*, 9 F. Supp.3d 378, 381 (S.D.N.Y. 2014); *SEC v. Pinchas*, 421 F. Supp.2d 781, 783 (S.D.N.Y. 2006). "By the time a[n] application is filed by the Commission, the time and opportunity for adjudicating the merits of the claim have been exhausted; all that is left to do is enforce the order." *SEC v. McCarthy*, 322 F.3d 650, 658 (9th Cir. 2003) (regarding §21(e)(1), the enforcement provision found in the Exchange Act). *See, also, Pierce v SEC,* 737 F. Supp 1068, (N.D.Cal. 2010) citing *McCarthy,* 322 F.3d at 656-9 (explaining that in SEC summary proceedings, the defendant/respondent may respond to the application but "cannot relitigate the merits"). *Id.* at 1077.

26. The Defendant's inability to contest the merits is so because "[f]inal orders of the Commission are reviewable only in the United States Courts of Appeals." *Pinchas,* 421 F.Supp.2d at 781, 783 (S.D.N.Y. 2006) (citations and internal quotation marks omitted); *see, also,* 15 U.S.C. §§ 77i(a), 78y(a) (conferring exclusive jurisdiction over appeals from SEC final orders entered pursuant to the Securities Act and Exchange Act on the United States Courts of Appeals); *Altman v. S.E.C.,* 768 F.Supp.2d 554, 558 (S.D.N.Y. 2011) (recognizing that Courts of

Appeals have exclusive jurisdiction over the appeals initiated by those aggrieved by SEC orders) *aff'd, Altman v. SEC,* 687 F.3d 44 (2d Cir. 2012) (per curiam).

27. Consequently, whether to enter a Judgment against Gould is the only issue before this Court

## RELIEF SOUGHT

28. Paragraphs 1 through 27, inclusive are incorporated by reference.

29. WHEREFORE, the Commission prays that:

   a. The Court enter a Judgment pursuant to Section 209(d) of the Advisers Act and Section 42(d) of the Investment Company Act requiring Gould to disgorge $476,033.19 and prejudgment interest of $50,137.33, plus outstanding interest pursuant to SEC Rule of Practice 600, 17 C.F.R. § 201.600, and pay a civil money penalty of $200,000, plus outstanding interest pursuant to 31 U.S.C. § 3717; and enforcing the injunctive relief set forth in the Order.

   b. The Court order such other relief as may be necessary for enforcement of any Order of this Court as to the collection of disgorgement and prejudgment interest through civil contempt and/or other collection procedures authorized by law.

   c. The Court order such relief as may be necessary for enforcement of any Order of this Court as to the collection of the civil monetary penalty pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 – 3308.

   d. The Court retain jurisdiction as appropriate to assure and effect compliance with its Orders entered herein.

   e. The Court order such other and further relief as may be just and proper.

Dated: December 6, 2022

Respectfully submitted,

*Carol E. Schultze*

CAROL SCHULTZE
Assistant Chief Litigation Counsel
Division of Enforcement
United States Securities and Exchange Commission
100 F Street, NE
Mail Stop 5628
Washington, DC 20549-0022
SchultzeC@SEC.gov
Tel.: 202.551.4958
Attorney for Plaintiff/Judgment Creditor